### UNITED STATES v. NEWTON et al.

(Circuit Court of Appeals, Ninth Circuit. April 7, 1924.)

No. 4165.

Public lands ⊙—111—Entryman entitled to patent two years after receiver's receipt.

Where, at the expiration of two years from the date of receiver's receipt, there was no pending contest or protest against the entry of a homestead, he is entitled to a patent under Act March 3, 1891, § 7 (Comp. St. § 5113).

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Suit by the United States against Allen L. Newton and others. From the decree rendered (292 Fed. 489), the United States appeals. Affirmed as modified.

Thomas P. Revelle, U. S. Atty., and John A. Frater, Asst. U. S. Atty., both of Seattle, Wash.

Chas. F. Munday, of Seattle, Wash., for appellees.

Before ROSS, HUNT and RUDKIN, Circuit Judges.

ROSS, Circuit Judge. We think the decision of the Supreme Court in the case of Lane v. Hoglund, 244 U. S. 174, 37 Sup. Ct. 558, 61 L. Ed. 1066, decisive of the present one. According to the averments of the original complaint, the appellee, Allen L. Newton, was allowed to make a homestead entry December 27, 1902, upon the land therein described, receiving therefor receiver's receipt No. 18956, and on November 21, 1904, register's certificate No. 20461, wherein it was certified that, upon presentation thereof to the Commissioner of the General

Land Office, the said Newton should be entitled to a patent for the land; that subsequently charges of fraud in the procurement of the allowance of the entry and of the final commutation certificate were filed in the Land Office, based upon the ground that Newton never established and maintained residence upon the land, or cleared or cultivated any part of it, upon which allegations proceedings were, on November 27, 1908, commenced in the Land Office for the annulment of the receipt and certificate; that after trial of the issue made thereon the register and receiver of the Land Office sustained the charge, which decision was affirmed by the General Land Office June 27, 1911, and holding the entry for cancellation, which decision was in turn first affirmed by the Secretary of the Interior March 23, 1912, but which latter decision was vacated by the Secretary May 14, 1918, and the entry reinstated, and direction given for the issuance of patent thereon.

Section 7 of the Act of March 3, 1891, c. 561, 26 Stat. 1095, 1099 (Comp. St. § 5113), provides as follows:

"That after the lapse of two years from the date of the issuance of the receiver's receipt upon the final entry of any tract of land under the homestead, timber-culture, desert-land, or pre-emption laws, or under this act, and when there shall be no pending contest or protest against the validity of such entry, the entryman shall be entitled to a patent conveying the land by him entered, and the same shall be issued to him."

That statute, said the court in Lane v. Hoglund, "makes it very plain that if, at the expiration of two years from the date of the receiver's final receipt, there is no 'pending contest or protest' against the entry, its validity no longer may be called in question—in the words of the act, 'the entryman shall be entitled to a patent,   *   *   *   and the same shall be issued to him.' " The original complaint in the present case shows conclusively that, at the expiration of two years from the date of the receiver's receipt, there was no "pending contest or protest" against Newton's entry. The statute itself thereupon fixed his right to a patent from the government, for that was its obvious purpose, as expressly declared by the Supreme Court at page 178 (37 Sup. Ct. 559). That being true, the judgment here must be affirmed. Proceedings in the Land Office subsequently occurring, and attempted to be brought into the present case by an amendment to the original complaint and by supplemental bill, manifestly cannot be considered in the present case, for the reason already assigned.

Of course we do not mean to decide that no action could be commenced to cancel the patent after it had issued. In our opinion the decree of the District Court should have been a dismissal without prejudice to the right of the United States to bring an action to cancel the patent. The decree of the District Court will therefore be modified accordingly, and, as so modified, will be affirmed.

Modified and affirmed.